## ZIMMERMAN v. STAHL.

(Supreme Court, Appellate Division, First Department.   March 10, 1899.)

Evidence—Ordinances—Authentication.
  An alleged copy of an ordinance being offered in evidence, defendant
  objected that "it appears to be March 9, 1897 [a date subsequent to the
  occurrence in suit, viz. 1896]. We object to it as ex post facto, and imma-
  terial, incompetent, and irrelevant." The court said: "This is taken,
  from the Revised Ordinances of 1880. There is nothing ex post facto
  about that." Held, that it was error to admit the ordinance without
  proof that it had been adopted and was in force in 1896.

Appeal from trial term, New York county.

Action by Martin Zimmerman, an infant, by his guardian ad litem,
against Frederick L. Stahl. From a judgment entered on a verdict
in favor of plaintiff, and from an order denying a new trial, defend-
ant appeals. Reversed.

The ordinance referred to in the opinion reads as follows:

"Sec. 671. It shall not be lawful for any person to place or keep on any
windowsill, railing of balcony, top of porch, or any other projection from
any house or other building in the city of New York, any earthen flowerpots,
wooden box, or other article or thing whatever for the cultivation or reten-
tion of flowers, shrubs, vines, or any other article or thing whatever, unless
every such flowerpot, box or other article is securely and firmly fastened, or
protected by iron railings so fastened as to render it impossible for any such
pot, box or other article to fall into the street, under a penalty of ten dollars
for every offence, to be recovered in the manner now specified by law for
the collection of fines imposed for violation of ordinances of the corporation."
Rev. Ords. chap. 8, art. 16, sec. 199.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellant.
Clifford Seasongood, for respondent.

INGRAHAM, J.   The plaintiff was injured by the fall of a flower-
pot while he was playing upon a cellar door on the premises No.
320 East Eighth street, in the city of New York, which were owned
by the defendant.   It is not alleged in the complaint that the plain-
tiff was injured in a public street or highway, but simply that on the
9th day of September, 1896, without any neglect on his part, and
through the negligence of the defendant herein, or his agents or
servants, the plaintiff received severe injuries by being struck on
the head by a flowerpot which came from the window of the premises,
the property of the defendant.   These allegations the defendant de-
nied.   The plaintiff's father testified that he found his son on the
cellar door of the sidewalk of the defendant's house, having received
the injuries specified.   The plaintiff testified: "I was sitting on the
street side of Mr. Stahl's house, on his cellar door.   *   *   *   While
I was sitting there, a flowerpot fell on my head."   It further appeared
that the plaintiff at the time was upon this cellar door with two other
boys, playing; that there was a violent thunderstorm, during which
a wooden flowerpot with iron hoops around it, with earth and flowers
in it, came down, and struck the plaintiff on the head; that the

defendant occupied the cellar and first floor of this house, other persons occupying the upper floors; that the defendant's daughter had some flowerpots in the window of her apartment, over the store window. There was further evidence to show that the tenants upon the upper floors also had flowerpots of the same general character. There was no evidence tending to show just where this cellar door was located,—whether it was a part of the public street or highway, or solely upon the defendant's property. It was simply described as the cellar door on the sidewalk of Mr. Stahl's house, or the defendant's cellar door. One of the plaintiff's witnesses testified that the first floor of the premises in question was occupied as a store; that the hallway was east of the store, and that the cellar door was west of the store; that the store had one window, and the cellar door was under that window; that the cellar door, when closed, was even with the pavement. None of the witnesses testified to seeing the flowerpot come from the defendant's window, but one stated that after the accident she saw the defendant come out of the house, pick up the flowerpot, and take it in; that it was a wooden barrel, with iron bands on it, painted green; that she had seen this barrel in front of the defendant's premises. Another witness testified that she saw those three boys playing dice under Mr. Stahl's store, under his cellar door, "and Mr. Stahl always chased them boys; they wouldn't go." The plaintiff then offered in evidence what was alleged to be a certified copy of section 671 of the Revised Ordinances of the City of New York. This was objected to by the defendant's counsel, upon the ground that "it appears to be March 9, 1897. We object to it as ex post facto and immaterial, incompetent, and irrelevant." In answer to that objection the court said: "This is taken from the Revised Ordinances of 1880. There is nothing ex post facto about that. It is a republication of the Revised Ordinances of 1880." The ordinance was then admitted in evidence, to which the defendant excepted. There is no certificate in the record from which it would appear that this ordinance was ever adopted by the common council of the city of New York. Nor is there anything from which it would appear that this ordinance was in force on the 9th day of September, 1896. We think that, upon this evidence, its admission was error. So far as appears from the record, the ordinance was not proved at all to have been an ordinance of the city of New York. The attention of the court was expressly called to the fact that the only evidence of the certificate was that it was an ordinance of March 9, 1897, and the objection to its admission in evidence was overruled, with the statement by the court that the ordinance was taken from the Revised Ordinances of 1880; but, so far as appears, no proof was offered to show that it was taken from the Revised Ordinances of 1880, or that in 1880 or at any other time such Revised Ordinances were adopted by the city of New York. The negligence of the defendant appears to have been predicated solely upon his failure to so securely and firmly fasten these flowerpots, or to protect them by iron railings so fastened, as to render it impossible for such pot, box, or other article to fall into the street; and to entitle the plaintiff to introduce such an ordinance in evidence, and to predicate upon it

·a liability of the defendant, he was bound to prove the fact that it
was actually in force at the time of the occurrence. But, so far as
·appears, the plaintiff has failed to offer such proof. The evidence
that the flowerpot belonged to the defendant or fell from his prem-
ises, or that the plaintiff, at the time of the accident, was upon a
public street or highway, was slight; but in view of the fact that
this ordinance, upon which the defendant's liability was predicated,
was not proved, and was improperly admitted in evidence, there must
be a new trial.

The judgment and order are therefore reversed, and a new trial
ordered, with costs to the appellant to abide the event. All concur.